Case 1:05-cv-07058   Document 262   Filed 09/09/2009   Page 1 of 10
Aug 18 2009 5:05PM
Case 1:05-cv-07058   Document 260-2   Filed 09/02/2009   Page 10 of 18   P.1

EXHIBIT 1
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOR YOUR EASE ONLY, INC., An Illinois Corporation, <br><br> Counterclaim Plaintiff, <br><br> vs. <br><br> MOSTLY MEMORIES, INC., A Missouri Corporation; SCENTIMENTALS, INC., A Missouri Corporation; and TRICIA DERGES, a Missouri resident, <br><br> Counterclaim Defendants. | Civil Action No. 05-C-7058 |

**ORDER OF FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT AND STIPULATION OF DISMISSAL AS TO MOSTLY MEMORIES INC. AND PATRICA A. DERGES**

Counterclaim-Plaintiff For Your Ease Only, Inc. ("FYEO") having filed its Amended Counterclaims dated December 15, 2008 (the "Counterclaims") against Counter-Defendant Mostly Memories, Inc., ("MMI") and Patricia A. Derges ("Derges"), MMI's claims having already been dismissed with prejudice on May 8, 2006, and FYEO, MMI and Derges having reached a settlement agreement and consented, without trial or adjudication of any issue of law or fact herein, to entry of this Order of Final Judgment in favor of FYEO (Lori Greiner, President and Dan Greiner, Vice President) and Permanent Injunction on Consent and Stipulation of Dismissal (hereafter "Order"), it is hereby

ORDERED, ADJUDGED and DECREED that:

1.   This Court has jurisdiction of the subject matter hereof and all parties hereto with the full power to enter this Order. MMI and Derges have not filed an answer to the Amended Counterclaims. Defendants MMI and Derges admit the allegations of the Counterclaims

1

necessary for the Court to find jurisdiction and venue is proper, and admit the adequacy of the factual and legal basis for entry of this Final Judgment and Permanent Injunction on Consent.

2. The Counterclaims allege causes of action against Counterclaim Defendants MMI and/or Derges for a variety of claims including declaration of sole ownership of copyrights, copyright infringement in violation of 17 U.S.C. § 101 et seq., federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), breach of sales representative agreements, violation of the Illinois Sales Representative Act, Section 820 ILCS 120, tortious interference with business and contractual relations, deceptive trade practices, unfair and deceptive business practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815, ILSC Section 505/1 et seq., and malicious prosecution under Illinois State Law.

3. Plaintiff FYEO is an Illinois corporation with a principal place of business at 1301 North Dearborn Parkway, Chicago, Illinois 60610. FYEO is in the business of creating and selling unique products including products sold on television through QVC. Lori Greiner hosts a show on QVC called "Clever and Unique Creations by Lori Greiner."

4. Counterclaim-Defendant MMI is a Missouri corporation whose principal place of Business was most recently at 601 East South Street, Ozark Missouri 65721. MMI is a company that at times relevant to these Counterclaims engaged in the manufacture and sale of candles as well as other wax and tallow products.

5. Counterclaim-Defendant Patricia A. Derges is a resident of Missouri residing at 3703 Southern Hills, Nixa, Missouri 65714.

6. On December 15, 2005, MMI filed a lawsuit in the United States District Court for the Northern District of Illinois, case number 05-C-7058, asserting claims against FYEO, QVC, Inc., Lori Greiner, and Daniel Greiner for *inter alia* copyright infringement and unfair competition under federal and state law (the "Original Claims"). The Original Claims were dismissed with prejudice on May 8, 2006.

7. On February 8, 2006, all original defendants including FYEO and Lori and Dan Greiner answered, and FYEO filed Counterclaims. The counterclaims were amended on December 15, 2008, against MMI, Tricia Derges, and Scentimentals, Inc. alleging, inter alia, declaratory relief for sole ownership of copyrights, copyright infringement, and malicious prosecution under federal and state law (the "Counterclaims") and alleging FYEO and FYEO's reputation and goodwill with its largest customer (QVC) has been damaged by MMI's and Derges' actions in filing the Original Claims and by the other activities set forth in the Counterclaims and Amended Counterclaims.

8. Patricia A. Derges is the President and owner and sole officer of MMI. Daniel Derges was the Vice President and is a former officer and co-owner of MMI.

9. Scentimentals, Inc. failed to answer the Counterclaims, defaulted, and FYEO moved for a default judgment, which was granted on April 29, 2009. MMI and Mr. and Ms. Derges and their attorneys agree not to contest the default judgment entered against Scentimentals Inc., either directly or through any other person or entity.

10. In the case involving Mostly Memories Inc., Patricia A. Derges, and Scentimentals, Inc., on the one hand, and For Your Ease Only, Inc., Lori Greiner, and Dan Greiner on the other hand (Civ. No. 05-C-7058), judgment is entered in favor of For Your Ease Only Inc. (Lori Greiner, President and Dan Greiner, Vice President) and against Mostly Memories, Inc. and Patricia A. Derges on all of For Your Ease Only Inc.'s counterclaims, including the claims for declaration of sole ownership of copyrights, copyright infringement in violation of 17 U.S.C. § 101 et seq., federal unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), tortious interference with business and contractual relations, deceptive trade practices, unfair and deceptive business practices under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815, ILSC Section 505/1 et seq., and malicious prosecution under Illinois State Law.

11. FYEO is the sole owner of the copyrights in the following products:

   a. Pies and pie slices including specifically Christmas Cranberry, Strawberry Pie, pies with gel, depicting pecan pie with large number of half pecans; depicting fruit pies with fruit slices or pieces, and certain pies with whipped cream edges;

   b. All TSVs sourced through MMI including two-tiered rack with a berry gel pie and other baked goods including a chocolate swiss roll, chocolate bundt cake, and cinnamon roll; a two-tiered rack 12 piece TSV set with mini-muffin tins including gel preserve candles, banana bread, cinnamon roll, and muffin; and kitchen scents TSV with decorative box, apple simmerpot, bakery melters, apple cake, wire rack, and jar candle;

   c. Carrot Cake Candle;

   d. Decorative Cake Candles;

   e. Lamp shade candles with bows around neck;

   f. Snowman set as sold by FYEO as depicted in VA 1-335-504 as well as products identified as QVC product numbers H01774 and H97824;

   g. Set of six bakery tin candles with see-through tops and decorative designs on top of candles with gift bags;

   h. White Spice Racks as designed by Lori Greiner;

   i. Banana bread candles from bakery bread set; and

   j. Melters, including melters depicting lemon bars, chocolate chip cookies, raspberry tart, brownies, cupcakes with sprinkles, candy canes, sugar cookies with sprinkles, gingerbread men, and fruit melters including watermelon, kiwi.

12. FYEO is hereby adjudged to be the sole owner of the following Copyright Registrations and applications filed on behalf of MMI and Derges:

   a. VA 1-329-113, entitled "Pie Lites"

   b. VA 1-329-111, entitled "Bundt Cake Candles"

   c. VA 1-329-115, entitled "Carrot Cake Candle"

   d. VA-1-329-104, entitled "Decorative Cake Candles"

   e. 521 C016, entitled "Lamp Candles"

   f. VA 1-335-504, entitled "Snowman Stacking Box Set"

   g. VA 1-329-110, entitled "Munchies Candles"

   h. 521 C027, entitled "Spice Rack"

   i. VA 1-329-109, entitled "Bread Loaf Candles"

   j. VA 1-329-108, entitled "Pastry Melters"

   k. VA 1-329-107, entitled "Flower Melters"

   l. VA 1-329-106, entitled "Holiday Melters"

   m. VA 1-329-105, entitled "Fruit Melters"

13. MMI and Patricia A. Derges and Daniel Derges and their officers, agents, servants, employees, representatives, attorneys, and all other persons or entities acting in concert or participation with them and any and all past, present and future licensees, affiliates (including but not limited to Scentimentals Inc. and any entities doing business as Spa Te Da, Creek International LLC, or ozarkmountainstore), successors in interest or assigns[1] are hereby permanently enjoined from:

   a. making any statements, either directly or indirectly, in any form including but not limited to verbally, in emails, letters or other written communications,

---

[1] This group of officers, agents, and other designated parties does not include United Fire and Casualty Insurance Company.

advertising, promotional, or marketing materials, books, videos, movies, televisions shows, audio recordings, web postings, chat rooms or other Internet postings, that either:

  i. disparage, discredit, or are unfavorable about For Your Ease Only Inc., QVC or its affiliates, or Mr. or Ms. Greiner, or any products sold by FYEO, QVC, or the Greiners; or

  ii. make any representations regarding ownership of rights in any products sold by FYEO or QVC or the Greiners; or

  iii. indicate any affiliation, endorsement, sponsorship, or association with QVC, FYEO, or the Greiners, either in the past or at the present.

b. Selling or offering for sale, either directly or indirectly, the products identified in Paragraphs 11 and 12 of this Consent Judgment;

c. applying for any registration with any governmental entity of any copyright, patent or trademark related to the products identified in Paragraphs 11 and 12 of this Consent Judgment; and

d. Aiding, assisting, abetting, or requesting any person or entity, directly or indirectly, in doing any act described in Subparagraphs (a) through (c) above.

14. If the Court finds that MMI or Patricia A. Derges or Daniel Derges or any other person or entity subject to paragraph 13 of this Consent Judgment has violated this Order, the Court shall on motion grant FYEO any remedies it may be entitled to, including, but not limited to, an order finding contempt of the Order, and awarding damages, attorneys' fees and costs incurred as a result of investigating and pursuing such violation.

15. Should FYEO have grounds to believe MMI or Ms. Derges have communicated or posted or caused to be communicated or posted on QVC or QVC.com or other forums or websites disparaging information regarding FYEO or Ms. Greiner or their products or otherwise

Case 1:05-cv-07058   Document 262   Filed 09/09/2009   Page 7 of 10
Case 1:05-cv-07058   Document 260-2   Filed 09/02/2009   Page 16 of 18
Aug 18 2009 5:09PM   p.7

potentially violative of paragraph 13 of this Consent Judgment, FYEO may petition this Court for leave to take discovery regarding the source of such communications or posts including but not necessarily limited to (1) subpoenas of QVC Inc. and any source or sponsor of such forums or websites or Internet sites for the purpose of identifying and inquiring into the sources of such posts, including specifically the identity of emails or I.P. addresses associated with such posts, and (2) subpoenas of any email or Internet or other service providers identified through subpoena or which FYEO otherwise has grounds to believe may be the source of such communications or postings. MMI and Mr. and Ms. Derges agree not to oppose such discovery efforts. FYEO may petition this Court for Orders to assist or effectuate the discovery described in this paragraph.

16. Each of the parties will bear their own costs, expenses and attorney fees in this case, except as may otherwise be set forth herein or in their separate settlement agreement.

17. Each person executing this Order on behalf of a corporation or individual represents that he or she is authorized to do so.

18. This Court shall retain jurisdiction over this action to enable the parties to make application to this Court for such further orders and directions as may be necessary or appropriate in relation to the carrying out of this Order, to the extent allowed by law.

19. This Order shall become effective immediately. The Clerk is directed to enter this Judgment and Permanent Injunction on Consent.

SO ORDERED:

Dated: 9/05/09

Judge, United States District Court

The Parties hereby consent to the form and entry of the foregoing Order.

AGREED TO:

Date: 8/18/09

COUNTERCLAIM-PLAINTIFF

For Your Ease Only, Inc.

By: _____

Print Name: Lori Greiner

Title: President

Date: _____

COUNTERCLAIM-DEFENDANT

Mostly Memories, Inc.

By: _____

Print Name: _____

Title: _____

COUNTERCLAIM-DEFENDANT

Patricia A. Derges

Date: _____

Print Name: _____

Case 1:05-cv-07058   Document 262   Filed 09/09/2009   Page 9 of 10
Case 1:05-cv-07058   Document 260-2   Filed 09/02/2009   Page 18 of 18
Aug 28 09 04:50p   Legacy Too, Inc
RECEIVED  08/28/2009 18:48   4177253399   p.2
Aug 18 2009 5:09PM   p.8

The Parties hereby consent to the form and entry of the foregoing Order.

AGREED TO:

Date: 8/18/09

COUNTERCLAIM-PLAINTIFF

For Your Ease Only, Inc.
By: _____
Print Name: Lori Greiner
Title: President

Date: 8-28-09

COUNTERCLAIM-DEFENDANT

Mostly Memories, Inc.
By: _____
Print Name: Paul Derges
Title: President

COUNTERCLAIM-DEFENDANT

Patricia A. Derges

Date: 8-28-09

_____
Print Name: Paul A. Derges

8

Aug 18 2009 5:30PM                                                                  p.7

IN WITNESS WHEREOF, the parties have executed one or more originals of this Agreement as of the dates indicated below.

For Your Ease Only, Inc.

By: _____   Date: 8/18/08

Print Name: Lori Greiner

Title: President

Mostly Memories, Inc.

By: _____   Date: _____

Print Name: _____

Title: _____

Patricia A. Derges, individually

By: _____   Date: _____

Daniel Derges, individually

By: _____   Date: 8/28/09

Lori Greiner, individually

By: _____   Date: 8/18/09

Daniel Greiner, individually

By: _____   Date: 8/18/09

7